the following opinion of the court was delivered by
Judge Roane.
“ The court is of opinion, that the appellant, not having stated, in his first bill of exceptions, that the usury therein charged, or spoken of, had recently come to his knowledge, there was a negligence in his failing to file his bill to establish the same, until a period so near to the time of trial, which ought to bar him from alleging' the same as a just ground of continuance : and as to the allegation of the appellant’s counsel, that the appellant may have been deceived and lulled into security by the order of survey made in the cause, at the instance of the appellee; while it is not perceived that this circumstance, so common to all causes in which the title or bounds of land may come irt question, could have had that effect, it is a conclusive circumstance, in this case, in favour of the judgment of the superior court, that this was not stated as a ground of continuance at the time of trial, as appears by the bill of exceptions; which, if it had, the adverse party might possibly have shown that he had done away that inference, or undeceived the appellant in that particular.
“ As to the second bill of exceptions: as the witness, Bootes, was a 'mere trustee and agent for the parties, and as the verdict in the case before us could not be used by *183 turn in a subsequent action brought against him for the same cause, the court is of opinion, that he was a competent witness, and that, therefore, there was no error in permitting him to give testimony in the cause.
“ V\ ith respect to the general question, supposed by the appellant's counsel to have arisen in this cause, touching the necessity of the trustee having the sanction of a court of equity to enable him to sell, the court is of opinion that it either does not necessarily arise in this case, or that, under the particular circumstances thereof, it; ought to be adjudged against the appellent in a court oí: law ; and, upon the whole, that the judgment should be affirmed.”